## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION (FLINT)

**SHANTAE MONIQUE JONES,**

*Petitioner/Defendant in pro se*

Jones Boyette Legal Services

State and Federally Certified Legal Investigator

Michigan LARA License No. A2026012000003

Legal Assistant (State and Federal)

v.

**PEOPLE OF THE STATE OF MICHIGAN,**

*Respondent/Prosecuting Agency.*

**Case No.:** _____

**Honorable:** _____

**Original State Case No.:** 26T00288

**State Judge:** Hon. David Guinn

**State Court:** 67th Judicial District Court

Case: 2:26-cv-11676
Assigned To : McMillion, Brandy R.
Referral Judge: Stafford, Elizabeth A.
Assign. Date : 5/21/2026
Description: REMOVAL People of
State of Michigan v. Shantae Jones
(tt)

---

### PETITIONER'S EMERGENCY NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1441, 1443, 1446(D), 1448, AND 1449, MOTION TO COMPEL PRODUCTION OF RECORD, AND MEMORANDUM OF LAW IN SUPPORT

**NOW COMES** Petitioner, Shantae Monique Jones, in *pro se* capacity, and moves this Court under **28 U.S.C. §§ 1441, 1443, 1446(d), 1448, and 1449**, to remove specific state proceedings from the 67th Judicial District Court. In support, Petitioner states:

### I. FULL TEXT OF LOCAL RULE 83.10 AND VENUE IN THE FLINT DIVISION

1. **Local Rule 83.10(b) of the Eastern District of Michigan** explicitly states in its entirety: *"Divisional Assignment. (1) Civil Actions. Civil actions shall be assigned to the division where the case arose. A case arises where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. (2) Criminal Actions. Criminal actions shall be assigned to the division where the offense is alleged to have been committed."*

2. Domicile, residence, and the alleged offenses occurred in Genesee County. The action exclusively arises in the Flint Division. Venue is mandatory in Flint under the Sixth Circuit's precedent in **PODOLSKY V. WARNEY**, 174 F.3d 723 (6th Cir. 1999). Any attempt to bypass this rule violates federal law.

### II. ADMINISTRATIVE ABUSE OF PROCESS AND CLERK MISCONDUCT NOTICE

3. There is an ongoing pattern of misconduct by the Clerk of the Eastern District, Tracy T., regarding the illegal removal and transfer of validly filed Flint pleadings to the Detroit division. Petitioner lacks transportation to travel back and forth to court in Detroit. Any further illegal removal or transfer of this action to the Detroit Division without proper jurisdiction constitutes a direct conspiracy against constitutional rights under color of law, which will result in an immediate **Bivens Action** under **BIVENS V. SIX UNKNOWN NAMED AGENTS**, 403 U.S. 388 (1971), for structural administrative abuse of process.

### III. ANCILLARY JURISDICTION AND CONCURRENT JURISDICTION DEFINITIONS

4. **Merriam-Webster's Dictionary of Law (pp. 270–271):** *"Ancillary jurisdiction: jurisdiction giving a court the power to adjudicate claims... because they arise from a cause of action over which the court has original jurisdiction; specif: supplemental jurisdiction acquired by a federal court allowing it to adjudicate claims that are based on state law but that form part of a case brought to the court... Ancillary jurisdiction allows a single court to decide an entire case instead of dividing the claims among several courts and proceedings."* Furthermore, it defines *"concurrent jurisdiction"* as jurisdiction shared by different courts that allows for removal.

5. **Black's Law Dictionary, 5th Edition (p. 79):** *"Ancillary jurisdiction doctrine: Under 'ancillary jurisdiction doctrine' federal district court acquires jurisdiction of case or controversy as an entirety and may, as incident to disposition of matter properly before it, possess jurisdiction to decide other matters raised by case... 'Ancillary jurisdiction' of federal court generally involves either proceedings which are concerned with pleadings, processes, records or judgments of court in principal case."* See **ORTMAN V. STANRAY CORP.**, 371 F.2d 154 (7th Cir. 1967).

### IV. COUNSEL ABANDONMENT, UNAUTHORIZED FILINGS, AND STRUCTURAL TRIAL ERRORS

6. On April 21, 2026, Petitioner's appointed counsel effectively abandoned the defense, leaving Petitioner to proceed *in propria persona.* Counsel subsequently filed an unauthorized motion behind Petitioner's back to hide her ineffectiveness and disable the defense.

7. At the April 30, 2026 hearing, Judge David Guinn prioritized that unauthorized filing, completely bypassing Petitioner's valid April 29 motions in direct violation of the absolute right to self-representation under **FARETTA V. CALIFORNIA,** 422 U.S. 806 (1975).

### V. THE MANDATORY BURDEN OF EXEMPTION 6 AND STATE RULES ON TANGIBLE OBJECTS

8. Under **MCR 6.201(B)(1)** and **MCR 6.201(A)(6)**, production of exculpatory evidence and tangible physical objects is mandatory. The Michigan Supreme Court in **PEOPLE V. CHENAULT**, 494 Mich. 242 (2014), held that this burden rests exclusively upon the prosecution.

9. To the extent the State invokes privacy exemptions (such as Exemption 6 under **5 U.S.C. § 552(b)(6)** and **MCL 15.243(1)(a))**, the State bears the heavy burden of proof to justify withholding. Because Petitioner's name, presence, and direct constitutional rights are at the center of the requested records, there is no clearly unwarranted invasion of personal privacy under any standard.

## VI. BAD-FAITH TAMPERING, EVIDENCE MANIPULATION, AND DEPRIVATION BY STATE ACTORS

10. **Direct Evidence Manipulation:** Officer Batson had two separate bodycam videos. State actors tampered with this evidence, using one of Officer Batson's videos to fraudulently replace Officer Smith's missing bodycam footage to hide structural misconduct. Petitioner attaches physical comparisons as an exhibit proving this intentional tampering.

11. In addition to the corrupted video files, state actors continue to suppress the following tangible physical evidence in violation of **BRADY V. MARYLAND**, 373 U.S. 83 (1963):

- Original ballistic slugs, firearms comparison reports, and gunshot residue (GSR) testing;
- An ink pen omitted from evidence by Officer Ross;
- The original, physical written statement of the eyewitness, rather than the heavily manipulated and biased police summary narrative.

## VII. RELIEF REQUESTED & NOTICE OF EFFECTIVE REMOVAL UNDER 28 U.S.C. § 1446(D)

12. The active collusion between the court, counsel, and police to suppress evidence, manipulate files, and bury Petitioner's filings constitutes a direct abuse of process. This Court holds explicit ancillary authority under **28 U.S.C. §§ 1443 and 1449** to compel direct production of the complete state record and all physical exculpatory evidence.

13. Pursuant to **28 U.S.C. § 1446(d),** written notice of this removal is simultaneously filed in the state court, immediately suspending the jurisdiction of the 67th Judicial District Court over the removed issues.

Dated: May 3, 2026

**Shantae Monique Jones**
*Petitioner in pro se*
Jones Boyette Legal Services
LARA License No. A2026012000003

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (FLINT)

### CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2026, I served a true and correct copy of the foregoing **Emergency Notice of Removal under 28 U.S.C. §§ 1441, 1443, 1446(d), 1448, and 1449, Motion to Compel Production of Record, and Memorandum of Law in Support**, upon the following parties of record via hand delivery and/or first-class mail:

**Genesee County Prosecutor's Office**

900 S. Saginaw St.

Flint, MI 48502

**Clerk of the 67th Judicial District Court**

125 E. Union St.

Flint, MI 48502

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 3, 2026

Shantae Monique Jones
*Petitioner in pro se*
Jones Boyette Legal Services
Michigan LARA License No. A2026012000003
State and Federally Certified Legal Investigator
Legal Assistant (State and Federal)

3574 Brunswick Ave
Flint M.
48507